NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5153-15T1

T.B.,1

 Plaintiff-Appellant,

v.

D.B.,

 Defendant-Respondent.
________________________________

 Submitted September 20, 2017 – Decided October 6, 2017

 Before Judges Simonelli and Haas.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Ocean County,
 Docket No. FM-15-0214-14.

 Warren L. Peterson, attorney for appellant.

 Respondent has not filed a brief.

PER CURIAM

 In this post-judgment matrimonial matter, plaintiff appeals

from the June 21, 2016 order of the Family Part denying her motion

to allow her boyfriend, a convicted sex offender subject to the

1
 We use initials to protect the privacy of the family.
registration and notification requirements of Megan's Law,

N.J.S.A. 2C:7-1 to -10, to have contact with the parties' four

children. We affirm.

 The parties were married in 2004 and have four children. They

separated in 2012. At the time of their separation, plaintiff was

romantically involved with her boyfriend. On November 15, 2012,

the trial court entered an order setting child support, and stating

that the parties would share joint legal custody of the children

with plaintiff having temporary residential custody. The order

further provided that plaintiff's boyfriend "shall have no contact

whatsoever with the parties['] children nor be in their presence."

 On June 14, 2013, the court entered a second child support

and parenting time order, which stated that plaintiff "is not to

leave [her boyfriend] in a care[-]giving capacity for the children

at any time." One week later, the court entered another order

again providing that plaintiff's boyfriend was "to have no contact

with the minor children in any capacity nor be in the presence of

the children at any time."

 On September 20, 2013, the court entered a fourth order

stating that the parties' "children shall not be in [plaintiff's

boyfriend's] presence at any time. If [the boyfriend] is in the

[presence] of the minor children, [defendant] may petition the

court . . . for custody and removal of the minor children." The

 2 A-5153-15T1
parties divorced in May 2014. The parties continued to share

joint legal custody of the children with plaintiff designated as

the parent of primary residence.

 In November 2015, the parties exchanged a series of text

messages. During this exchange, plaintiff wrote that the children

had been to her boyfriend's home and he helped them with their

homework. Plaintiff also stated that she and her boyfriend took

the children to church on a "couple" of occasions.

 Based on these statements, defendant filed a motion seeking

to have residential custody of the children transferred to him.

Plaintiff responded with a cross-motion seeking an order

permitting her boyfriend to have supervised contact with the

children.2 In a certification accompanying her motion, plaintiff

denied that her boyfriend had been in contact with the children.

She stated that she became engaged to her boyfriend in November

2014 and wanted the children to "have an opportunity to know and

have a relationship with their stepfather."

 Plaintiff's certification contained a number of hearsay

statements not based upon her personal knowledge. For example,

she alleged the boyfriend's "parole officers feel that [her

boyfriend] should be allowed around [the] children, with [her]

2
 Plaintiff also sought other relief, but those requests are not
involved in the present appeal.

 3 A-5153-15T1
supervision." Plaintiff did not provide a certification from a

parole officer to support this claim and, at oral argument on the

motion, stated it would be a violation of her boyfriend's parole

"to live with the children." Plaintiff also asserted, again

without any supporting certifications or documentation from the

agency, that the Division of Child Protection and Permanency

(Division) had evaluated her boyfriend and she "believe[d] the

evaluation was favorable to" him. Plaintiff did not provide a

certification from her boyfriend on any of these topics.

 Following oral argument, the trial judge denied plaintiff's

motion to permit her boyfriend to have contact with the children.

In his written statement of reasons, the judge noted that the

court had issued four prior orders barring the boyfriend from

being in the presence of the children for any purpose and that

plaintiff failed to establish any basis for modifying that

prohibition.3 This appeal followed.

 On appeal, plaintiff asserts that she established a change

of circumstances warranting a modification of the bar against her

boyfriend having contact with the children, and the trial judge

should have conducted a plenary hearing and granted discovery of

3
 The trial judge denied defendant's motion for a change of custody
without prejudice. Thereafter, plaintiff indicated that she no
longer planned to marry or live with her boyfriend.

 4 A-5153-15T1
the Division's records prior to considering her motion. We

disagree.

 The scope of our review of the Family Part's orders is

limited. We owe substantial deference to the Family Part's

findings of fact because of that court's special expertise in

family matters. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998).

We will only reverse the judge's decision when it is necessary to

"ensure that there is not a denial of justice because the family

court's conclusions are [] clearly mistaken or wide of the mark."

Parish v. Parish, 412 N.J. Super. 39, 48 (App. Div. 2010)

(alternation in original) (quoting N.J. Div. of Youth & Family

Servs. v. E.P., 196 N.J. 88, 104 (2008)).

 A party who seeks to modify an existing custody or parenting

time order must meet the burden of showing changed circumstances

and that the arrangement is no longer in the best interests of the

child. Finamore v. Aronson, 382 N.J. Super. 514, 522-23 (App.

Div. 2006). The issue is "two-fold and sequential." Faucett v.

Vasquez, 411 N.J. Super. 108, 127 (App. Div. 2009), certif. denied,

203 N.J. 435 (2010).

 Plaintiff did not meet this burden. The prohibition against

plaintiff's boyfriend having any contact with the children had

been in place since the time of the parties' separation in 2012.

Plaintiff was involved with her boyfriend at that time. Her

 5 A-5153-15T1
announced engagement to this individual, with whom she had been

involved in a years-long relationship, was certainly not a new

development or a changed circumstance warranting a modification

of the four prior orders.

 Plaintiff also failed to show that there had been any change

in her boyfriend's circumstances. Indeed, she admitted at oral

argument that he was still prohibited by the terms of his parole

from living with the children.

 Although plaintiff claimed in her certification that her

boyfriend's parole officers and the Division now believed that he

could safely have supervised contact with the children, these

statements were not based upon her own personal knowledge as

required by Rule 1:6-6,4 which governs the presentation of evidence

on motions. Therefore, the trial judge properly discounted these

claims.

 Plaintiff's argument that the judge should have conducted

a plenary hearing also lacks merit. "A plenary hearing is required

when the submission show there is a genuine and substantial factual

dispute . . . and the trial judge determines that a plenary hearing

is necessary to resolve the factual dispute." Hand v. Hand, 391

4
 Rule 1:6-6 requires certifications "made on personal knowledge,
setting forth only facts which are admissible in evidence to which
the affiant is competent to testify."

 6 A-5153-15T1
N.J. Super. 102, 105 (App. Div. 2007). Because plaintiff raised

nothing more than bald allegations concerning her boyfriend's

efforts to reform, which lacked competent factual support, we

discern no abuse of discretion in the judge's decision to resolve

the motion without conducting a plenary hearing. Similarly,

because plaintiff did not demonstrate a change of circumstances

warranting a re-examination of the prior orders prohibiting

contact between her boyfriend and the children, there was no need

for discovery of any of the Division's records. As noted above,

there was no competent evidence in the record establishing that

the Division had conducted any evaluation of plaintiff's

boyfriend.

 As for the balance of any of plaintiff's arguments not

expressly discussed above, they are without sufficient merit to

warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

 Affirmed.

 7 A-5153-15T1